**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS O. GONZALEZ FIGUEROA, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.    15-73102 <br><br> Agency No. A079-782-425 <br><br> MEMORANDUM* |

On Petition for Review of an
Immigration Judge's Decision

Submitted March 13, 2018**

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Jesus O. Gonzalez Figueroa, a native and citizen of Mexico, petitions for

review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a)

that he did not have a reasonable fear of persecution or torture in Mexico, and thus

is not entitled to relief from his reinstated removal order.  We have jurisdiction

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the IJ's factual findings, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016), and we review de novo claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).  We deny the petition for review.

Substantial evidence supports the IJ's conclusion that Gonzalez Figueroa failed to establish a reasonable possibility of future persecution in Mexico on account of a protected ground.  *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007) (petitioner had subjectively genuine fear of persecution, but failed to establish individualized risk or a pattern and practice of persecution); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative).

Substantial evidence also supports the IJ's conclusion that Gonzalez Figueroa failed to demonstrate a reasonable possibility of torture by the Mexican government, or with its consent or acquiescence.  *See Andrade-Garcia*, 828 F.3d at 836-37; *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (claims of possible torture too speculative).

We reject, as unsupported by the record, Gonzalez Figueroa's contention that the IJ violated his due process rights or otherwise erred in reviewing the

15-73102

asylum officer's determination.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.

2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**